**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**VALDOSTA DIVISION**

| | |
|---|---|
| JOAN GIDDENS and MARVIN GIDDENS,<br><br>Plaintiffs,<br>v.<br><br>SMITH & NEPHEW, INC.,<br><br>Defendant. | Case No.: 7:25-CV-00163-WLS |

**ORDER**

On November 3, 2026, Defendant Smith & Nephew, Inc. filed its unopposed motion to file exhibits under seal. (Doc. 34.) On the same date, the parties each filed a motion to enforce the settlement agreement. (Doc. 33; Doc. 35.) The parties claim that they agreed to a settlement but disagree on the terms of that agreement. Smith & Nephew moved to file the exhibits to its motion—settlement correspondence and the purported settlement agreement—under seal on the ground that the parties had agreed to keep the agreement's terms confidential. (Doc. 34 ¶¶ 2–7.) The Court granted that motion and directed the Clerk of the Court to file Smith & Nephew's exhibits under seal. (Doc. 36.)

On November 5, 2026, Smith & Nephew filed its response to Joan and Marvin Giddens' motion to enforce the settlement agreement. (Doc. 37.) In the response, Smith & Nephew informs the Court that the Giddens filed exhibits containing confidential information along with their motion. (*Id.* at 3–4.) The exhibits include a marked-up draft of a "confidential release and settlement agreement" and Plaintiff's counsel's declaration which includes the purported settlement amount. (Doc. 33 at 14–35.) Plaintiff's counsel also references the purported settlement amount in the motion itself. (*See* Doc. 33.)

Because the Court previously found good cause to permit Smith & Nephew to file its exhibits under seal, and because the Giddens' motion and attachments contain much of the same purportedly confidential information, the Court, sua sponte, finds good cause for the Giddens' motion to be filed under seal. The Clerk of Court is thus **DIRECTED** to docket the Giddens' motion and its attachments, (Doc. 33), under seal to be made available only to

the parties' counsel and the Court. The motion and attachments shall otherwise be **STRICKEN** from the public record and shall remain sealed until further order of the Court.

**SO ORDERED**, this 12th day of November, 2026.

**/s/ W. Louis Sands**
**W. LOUIS SANDS, SR. JUDGE**
**UNITED STATES DISTRICT COURT**